Filed 7/10/23  P. v. Love CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DAEVON JAMELL LOVE,<br><br>    Defendant and Appellant. | C092437<br><br>(Super. Ct. Nos. 15F06950,<br>14F06720)<br><br>OPINION ON TRANSFER |

Defendant Daevon Jamell Love was convicted of multiple assault counts against four different victims as well as shooting at an occupied vehicle and being a felon in possession of a firearm.  Various firearm enhancements were found true as was an enhancement for a prior serious felony conviction.  We affirmed defendant's convictions on appeal (*People v. Love* (Apr. 25, 2019, C084190) [nonpub. opn.]), but remanded the matter for the trial court to exercise newly granted discretion to strike one or more of the firearm enhancements and the prior serious felony enhancement based on changes in the law that took effect while defendant's appeal was pending.  Upon remand, the trial court

1

declined to exercise its discretion to strike the enhancements, leaving defendant's 30-year four-month prison sentence unchanged.

Defendant appealed and appointed counsel filed an opening brief that set forth the relevant procedural history of the case and asked this court to review the record and determine whether any arguable issues on appeal exist. (*People v. Wende* (1979) 25 Cal.3d 436.) We dismissed that appeal as abandoned, and our Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

On May 25, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant that if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed and we have received no communication from defendant.

We consider defendant's appeal abandoned and order it dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
RENNER, J.

/s/
MESIWALA, J.